UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ELLIOT ZOMBER,

                            Plaintiff,                        MEMORANDUM
                                                                   OPINION AND ORDER
               -against-

                                                                     CV 09-4637 (ETB)

VILLAGE OF GARDEN CITY, et al.,

                            Defendants(s).
-----------------------------------------------------------------X

      The parties have brought a joint Motion to Compel (the "Motion" or "Motion to Compel") (Docket No. 52) seeking an order requiring the Nassau County Supreme Court to unseal grand jury records in <u>People v. Zomber</u>, Nassau County Court Indictment 1318N-08, the criminal case that underlies plaintiff's claims under 42 U.S.C. § 1983 for malicious prosecution and violation of the right to a fair trial. The Court held oral argument on the Motion on August 9, 2011. Because the parties have not demonstrated a particularized need for the materials, the Motion is denied.

## BACKGROUND

      According to the Complaint, plaintiff was involved in a car accident with defendant police officer Kenneth Stolz. (Complaint at 3). After plaintiff informed Stolz and police officer Kevin Madden that he had taken an Ambien thirty minutes before the accident, he was arrested and charged with criminal possession of a controlled substance. (<u>Id.</u>). Plaintiff was eventually brought to trial on three criminal charges: driving under the influence; assault in the second degree–specifically, recklessly causing serious physical injury to another person by means of a deadly weapon or a dangerous instrument, N.Y. Penal Law § 120.05(4); and assault in the third degree–specifically, with

criminal negligence, causing physical injury to another person by means of a deadly weapon or a dangerous instrument, N.Y. Penal Law § 120.00(3). (See Motion to Compel, exh. A at 4). Plaintiff was cleared of the two assault charges, but found guilty of driving under the influence. (Complaint at 8-9).

In the instant action, plaintiff sued the Village of Garden City, Stolz, Madden, and John Does 1-4, alleging that Stolz and Madden made false statements to the grand jury that resulted in plaintiff's indictment on the two assault charges. (Complaint at 8-9). He also alleges that the same two police officers provided false police reports to prosecutors in the Nassau County District Attorney's Office. (Id. at 10). He asserts causes of action under 42 U.S.C. § 1983 for malicious prosecution and violation of his right to a fair trial.[1]

The parties sought an order from the Nassau County Court unsealing the grand jury records in the criminal case underlying this lawsuit. The state court denied the request on April 14, 2011, stating that the petitioners had not demonstrated a compelling and particularized need for access. (Motion to compel, exh. C at 2). The court noted that there was no allegation that any grand jury witness was unavailable or any showing that the grand jury minutes are essential to the civil rights case. (Id., exh. C at 2). The court also asserted that, other than the testimony of Stolz, Madden, and Officer Michael Hickey–to which the parties already have access–"the only remaining witnesses before the Grand Jury testified regarding the lab report and the effect of such drug on an individual.

---

[1] On March 3, 2010, defendant Village of Garden City was dismissed pursuant to a stipulation. On November 15, 2010, all claims against defendants in their official capacities were dismissed. (ECF No. 36). On April 6, 2011, all claims against defendant Madden were dismissed, as was plaintiff's cause of action for malicious abuse of process under 42 U.S.C. § 1983. (ECF No. 50). Thus, the remaining defendants are Police Officer Kenneth Stolz in his individual capacity and John Does 1-4 in their individual capacities.

As the report of NMS labs must already be in possession of all parties, petitioners have failed to demonstrate a compelling and particularized need for access to the Grand Jury material." (Id., exh. C at 3).

The parties now ask for an order compelling the state court to unseal the grand jury records in People v. Zomber, Nassau County Court Indictment 1318N-08. (Id. at 1). The parties admit that they have access to the grand jury testimony of Stolz, Hickey, and Madden but assert they lack any information about other testimony given, the charges presented to the grand jury, or the indictment actually issued.[2] (Id. at 4; see also id., exh. A, at 5). Therefore, they seek "the full minutes, the documents presented, and the indictment issued." (Id. at 3).

LEGAL STANDARDS

I.  Disclosure of Grand Jury Materials

"A strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy." King v. Conde, 121 F.R.D. 180, 187 (E.D.N.Y. 1988). However, "'state courts [do not have] a veto over disclosure in [a] federal civil rights case.'" Palmer v. Estate of Walwyn Stuart, No. 02 Civ. 4076, 2004 WL 2429806, at *2 (S.D.N.Y. Nov. 1, 2004) (quoting Socialist Workers Party v. Grbisic, 619 F.2d 641, 644 (7th Cir. 1980)) (second alteration in original).

---

[2]The assertion that the parties lack access to the indictment is undermined by the affirmation of Stolz's attorney Jessica P. Driscoll, which was presented in the state court application for the grand jury minutes and is attached to the Motion to Compel. Driscoll's affirmation states that "the Nassau County District Attorney presented the following additional charges to the Nassau County Grand Jury on or about June 11, 2008: Assault in the Third Degree . . . and Assault in the Second Degree. The Grand Jury indicted on both counts . . . ." (Motion to Compel, exh. A at 4). This indicates that Driscoll has had access to the indictment.

Instead, federal law governs claims of privilege in federal civil rights cases. See, e.g., King, 121 F.R.D. at 187.

Federal law "disfavors privileges barring disclosure of relevant evidence," recognizing "important federal interests in broad discovery and truth-seeking and the interest in vindicating important federal substantive policy such as that embodies in section 1983." King, 121 F.R.D. at 187 (citing United States v. Procter & Gamble Co., 356 U.S. 677, 682, 78 S. Ct. 983, 986, 2 L. Ed. 2d 1077 (1958); Hickman v. Taylor, 329 U.S. 495, 507, 67 S. Ct. 385, 391, 91 L. Ed. 451 (1947); Gary Plastic Packaging Corp. v. Merrill Lynch Pierce Fenner & Smith, Inc., 756 F.2d 230, 236 (2nd Cir. 1985)). Even so, under federal law a party seeking disclosure of grand jury material must make a "strong showing of a particularized need" for the material requested. United States v. Sells Eng'g, 463 U.S. 418, 443, 103 S. Ct. 3133, 3148, 77 L. Ed. 2d 743 (1983); see also Douglas Oil Co. of Cal. v. Petrol Stops Northwest, 441 U.S. 211, 221, 99 S. Ct. 1667, 60 L. Ed. 2d 156 (1979). A particularized need can be demonstrated by showing that the material sought "is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that the[] request is structured to cover only material so needed." Douglas Oil, 441 U.S. at 222; see also Myers v. Phillips, No. 04 CV 4365, 2007 WL 2276388, at *2 (E.D.N.Y. Aug. 7, 2007) (applying the same test with respect to state grand jury minutes). In weighing the need for disclosure against the need for secrecy, the court should keep in mind the traditional reasons for grand jury secrecy:

> (1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation

> of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

Douglas Oil, 441 U.S. at 219 n.10 (internal quotation marks omitted). "[A]s the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification." Douglas Oil, 441 U.S. at 223. However, "interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities." Id. at 222; see also United States v. Sobotka, 623 F.2d 764, 767 (2d Cir. 1980) ("We conclude that while the necessity here be less compelling in view of the termination of the grand jury, nonetheless some necessity need be shown by the party seeking disclosure."). Courts must be cognizant of the "possible effect upon the functioning of future grand juries," such as the possibility that future grand jury testimony will be chilled for fear of later disclosure. Douglas Oil, 441 U.S. at 222.

II. Malicious Prosecution

Analysis of the need for disclosure of grand jury materials must necessarily take into account the specific needs of a given case. Here, the parties ask for the grand jury materials in connection with the cause of action for malicious prosecution. To prevail on a § 1983 claim for malicious prosecution,

> a plaintiff must show a violation of his rights under the Fourth

5

> Amendment, and must establish the elements of a malicious prosecution claim under state law. To establish a malicious prosecution claim under New York law, a plaintiff must prove (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions.

Manganiello v. City of New York, 6112 F.3d 149, 161 (2d Cir. 2010) (internal citations and quotation marks omitted); see also Rolon v. Henneman, 443 F. Supp. 2d 532, 537-38 (S.D.N.Y. 2006).

Two defenses are relevant here. First, "the existence of probable cause is a complete defense to a claim of malicious prosecution in New York." Savino v. City of New York, 331 F.3d 63, 72 (2d Cir. 2003). A grand jury indictment creates a presumption of probable cause that can be rebutted "by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." Id. Second, police officers "generally enjoy absolute immunity from suit based on the substance of their testimony in judicial and quasi-judicial proceedings," unless the officer is a "complaining witness." Sclafani v. Spitzer, 734 F. Supp. 2d 288, 296 (E.D.N.Y. 2010). "A complaining witness is one who actively investigated or encouraged the prosecution of the plaintiff." Id. (alteration omitted). An officer who participates in initiating a baseless prosecution by testifying to a grand jury is encompassed by the exclusion for complaining witnesses, and therefore cannot receive absolute immunity, but may receive qualified immunity. Id. (citing White v. Frank, 855 F.2d 956, 958-62 (2d Cir. 1988).

DISCUSSION

The parties have not made a sufficient showing that the need for disclosure of certain grand jury material outweighs the need for secrecy that is implicated even when the relevant grand jury has ended its activities.

I. The Parties Have Not Shown a Particularized Need for the Missing Grand Jury Testimony and Exhibits

Plaintiff contends "that Stolz lied to the grand jury regarding the nature and extent of his injuries and that such lies were crucial to the indictment that followed." (Motion to Compel at 3; see also Complaint at 6). In a claim that a law enforcement officer provided false testimony to a grand jury which resulted in an indictment, "the [allegedly false] grand jury testimony is the res itself." Dale v. Bartels, 532 F. Supp. 973, 977 (S.D.N.Y. 1982); see also Palmer, 2004 WL 2429806, at *3. The parties admit that they already have transcripts of the grand jury testimony of Stolz, as well as that of two other police officers. (See Motion to Compel at 4; id., exh. A, at 5; id., exh. C at 2).

However, the parties argue that, in order to address the existence of probable cause, plaintiff will need not only the grand jury testimony that they already have, but rather all of the grand jury testimony and exhibits. As noted above, an indictment creates a presumption of probable cause. To rebut that presumption, plaintiff must show that the indictment was the product of fraud, perjury, the suppression of evidence, or other police conduct undertaken in bad faith. See Savino, 331 F.3d at 72. Under New York law, an indictment is procured by perjury or the falsification of evidence if, after removing the tainted evidence from consideration, the remaining evidence would not have

7

supported the indictment. See, e.g., Kinge v. State, 915 N.Y.S.2d 186, 192 (App. Div. 2010) ("Disregarding the falsified evidence and . . . retracted identification, the only other evidence potentially implicating claimant in the burglary and arson was her use and possession of a credit card of one of the victims within a few hours of the murders. The question thus distills to whether claimant's use and possession of the stolen credit card, by itself, established probable cause to prosecute her for the crimes committed . . . .").

Here, plaintiff was acquitted on charges of reckless assault and criminally negligent assault–that is, of "recklessly caus[ing] serious physical injury to another person by means of a deadly weapon or dangerous instrument," N.Y. Penal Law § 120.05(4), and "with criminal negligence, . . . caus[ing] physical injury to another person by means of a deadly weapon or dangerous instrument," N.Y. Penal law § 120.00(3). Plaintiff's theory of the case claims, in pertinent part, that defendant's lies regarding the extent of his injuries "were crucial to the indictment" on these charges. But the missing evidence is testimony regarding lab results and drug effects. The parties have not explained in their papers how this evidence is relevant either to the charges on which plaintiff claims he was maliciously prosecuted or to plaintiff's theory that Stolz's alleged lies regarding the extent of his injuries procured the indictment for those charges. There is no dispute about whether plaintiff took an Ambien prior to the accident–the parties agree that plaintiff admitted as much. (Complaint at 3; Answer at 3). Moreover, neither of the charges on which plaintiff claims he was maliciously prosecuted requires proof that plaintiff was under the influence of a controlled substance. And there is no contention that defendant's alleged fabrications were connected in any way to the issue of whether plaintiff was driving under the influence–the charge on which plaintiff was convicted. Finally, as the state court noted in its decision denying the

request to unseal the grand jury minutes, given that plaintiff was convicted of driving while under the influence of drugs, the lab report must have been presented at trial, and therefore is accessible to the parties. (See Motion to Compel, Exh. C, at 2-3). The parties' argument at the hearing that the missing evidence is needed for "completeness" is not sufficient to show a "particularized need."

The parties present a similar argument in connection with Stolz's putative immunity, which similarly fails. As noted above, while police officers generally have absolute immunity from suits based on their testimony, if an officer qualifies as a "complaining witness," he is potentially entitled to qualified immunity only. The parties insist they require the full grand jury minutes in order to determine whether the defendant's false testimony was "the sole basis for the indictment," which they assert is the standard for determining whether an officer is a complaining witness. (Motion to Compel at 4 (emphasis in original)).

The parties mistake the proper standard. In order to be a considered a complaining witness, an attestant's testimony need not be the "sole basis" for the indictment. Rather, a "'complaining witness is one who actively instigated or encouraged the prosecution of the plaintiff.'" Manganiello v. City of New York, No. 07 Civ. 3644, 2008 WL 2358922, at *7 (S.D.N.Y. June 10, 2008) (quoting Cervantes v. Jones, 188 F.3d 805, 810 (7th Cir. 1999); see also Sclafani, 734 F. Supp. 2d at 296). That is, a complaining witness must merely "play[] such a role in initiating the proceedings that it can be said that the witness commenced or continued the proceedings against the plaintiff within the law of malicious prosecution." Mejia v. City of New York, 119 F. Supp. 2d 232, 272 (E.D.N.Y. 2000). For example, "[a] witness . . . who files a charging affidavit is clearly a complaining witness, but other witnesses may be considered complaining witnesses as well if the information they falsely gave the prosecutor induced the prosecutor to act." Id. Thus, in Watson v. Baker, No. 09-CV-3055,

2010 WL 3835047 (S.D.N.Y. Sept. 30, 2010), the court held that allegations that a defendant provided most of the information that predicated the plaintiff's prosecution, and on whose false grand jury testimony the plaintiff's indictment was based "in part," were sufficient to suggest that the defendant "commenced or continued the prosecution." Id. at *6; see also Sclafani, 734 F. Supp. 2d at 296 ("This [complaining witness] exclusion [from absolute immunity] extends to grand jury testimony of an officer who <u>participates</u> in initiating a baseless prosecution." (emphasis added)). It is clear, then, that a witness' testimony need not be the sole basis of an indictment in order for that person to be a complaining witness.[3] For the reasons discussed above, it should not be necessary to examine the missing scientific and drug testimony to determine if Stolz's testimony was material to the indictment. Moreover, the scientific and drug evidence could not, on its own, support an assault indictment. Thus, at least some of the other testimony–which the parties already have–had to have been material to the indictment. If Stolz's testimony "commenced or continued the proceedings," he is a complaining witness. Thus, even in the absence of the scientific and drug testimony, it will be possible to determine whether Stolz's testimony played an important enough role in the proceedings to characterize him as a complaining witness.

The parties also assert that they will require the transcripts of the grand jury testimony in order to impeach witnesses, refresh their recollection, and test their credibility. (Motion to Compel at 4). This, too, is a weak argument. Admittedly, the Supreme Court has recognized that, typically,

---

[3]The single case the parties cite that uses the "sole cause" language is Crespo v. New York City Police Comm'r, 930 F. Supp. 109 (S.D.N.Y. 1996). That case does not, however, hold that a complaining witness must be the sole cause of an indictment, but merely notes that the plaintiff in that case had alleged that a police officer's testimony was the sole cause of his indictment, and that such allegation must be taken as true on a motion to dismiss. See id. at 117-18.

a "particularized need arises when a litigant seeks to use the grand jury transcript at the trial to impeach a witness, to refresh his recollection, to test his credibility and the like." Douglas Oil, 441 U.S. at 222 n.12 (internal quotation marks omitted); see also Scheiner v. Wallace, No. 93 Civ. 0062, 1995 WL 753931 (S.D.N.Y. Dec. 19, 1995) ("Impeachment is among the reasons cited by the highest courts of both the United States and New York as a legitimate reason for courts to compel disclosure of grand jury testimony."). However, as noted above, the parties already have access to the grand jury testimony of the defendant, as well as that of two other police officers who testified before the grand jury. These grand jury witnesses can be impeached if they are called at trial without further disclosure of grand jury materials. The parties have made no showing that the grand jury witnesses who testified as to the scientific and drug evidence will be called at trial. Therefore, they have not shown that their testimony will be needed for impeachment or to refresh recollection.

II.     The Parties Have Not Shown a Particularized Need for the Indictment or for Other Grand Jury Materials

When a party has other means to procure material for which it seeks disclosure, there is no particularized need to disturb the secrecy of grand jury proceedings. See Sobotka, 623 F.2d at 768 n.5 ("We note that no compelling need for disclosure is shown where it is merely easier or less expensive for the party seeking disclosure to have the full grand jury transcript at its disposal" (citing Proctor & Gamble, 356 U.S. at 683)); Dale, 532 F. Supp. at 976 (noting that there is no particularized need when disclosure is merely a "shortcut to get evidence otherwise obtainable"). Here, unsealing the grand jury materials is neither the only nor the most efficient way for the parties to access the indictment. First, the papers submitted in connection with this Motion indicate that

defendant's counsel has or had a copy of the indictment. (See Motion to Compel, exh. A at 4). Second, plaintiff here or his counsel in the criminal case must have been provided a copy of the indictment in connection with the state court criminal proceeding. The accused is entitled to a copy of the charge at arraignment. Third, because plaintiff was found guilty of one of the offenses charged in the indictment, the indictment should not have been sealed pursuant to New York Criminal Procedure Law §160.50, which seals criminal records when, among other situations irrelevant here, "a verdict of <u>complete</u> acquittal was made . . . ." N.Y. Crim Proc. Law § 160.50(3)(c) (emphasis added). Because indictments are public information unless sealed, the parties have access to that document. <u>See</u> <u>People v. Carro</u>, 199 N.Y.S.2d 365, 366 (N.Y. Co. Ct. 1960). Therefore, the parties have not demonstrated a particularized need for the indictment.

Lastly, the parties assert that they need the "full minutes" in order to determine "the number and nature of the charges the district attorney sought." (Motion to Compel at 3). However, they have made no specific argument, and the Court cannot conceive of one, that any charges for which plaintiff was <u>not</u> indicted are relevant to an action that claims plaintiff was maliciously prosecuted on charges for which he <u>was</u> indicted.

III.     <u>The Need for the Missing Grand Jury Testimony and Exhibits Does Not Outweigh the Need for Continued Secrecy</u>

"[D]isclosure [of grand jury material] is appropriate only in those cases where the need for it outweighs the public interest in secrecy, and . . . the burden of demonstrating this balance rests on the private party seeking disclosure. <u>Douglas Oil</u>, 441 U.S. at 223. Here, as the parties point out, the grand jury that indicted plaintiff has terminated, and thus the need for secrecy is reduced. The

12

need is not, however, eliminated: "some necessity" must still be shown before disclosure will be ordered. Sobotka, 623 F.2d at 767. The parties have failed to make this showing. They have thus failed to demonstrate that the that the balance tips in favor of disclosure.

CONCLUSION

For reasons that are unexplained, the parties waited until five months after close of discovery and two months after the state court denied their request to unseal the grand jury records to argue to this Court that such records are indispensible. Moreover, the parties' submission does not sufficiently demonstrate that the need for the indictment and the missing grand jury minutes outweighs the need for continued secrecy of the terminated grand jury's materials. For the foregoing reasons, the parties' joint Motion to Compel is DENIED.

In addition, the Court sua sponte DISMISSES without prejudice the "John Doe" defendants. See, e.g., Blake v. Race, 487 F. Supp. 2d 187, 192 n.1 (E.D.N.Y. 2007) ("[B]ecause plaintiff [had] an opportunity to pursue discovery to identify the unknown defendants but failed to do so, this Court adheres to the general rule that disfavors the use of 'John Doe' to identify defendants. Thus, the 'John Doe' defendants are hereby dismissed without prejudice" (internal quotation marks and citations omitted; second alteration in original)).

**SO ORDERED:**

Dated: Central Islip, New York
August 10, 2010

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge