UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ELLIOT ZOMBER,

                                 Plaintiff,                            <u>MEMORANDUM
OPINION AND ORDER</u>

         -against-

                                                                              CV 09-4637 (ETB)

VILLAGE OF GARDEN CITY, et al.,

                                 Defendants.
----------------------------------------------------------------X

Plaintiff Elliot Zomber seeks to preclude at trial the testimony of two attorneys–Nassau County Assistant District Attorney ("ADA") Brendan Ahern and former Nassau County ADA Brian Murphy. For the following reasons, the Court GRANTS plaintiff's oral motion and precludes the testimony of Ahern and Murphy.

This is an action under 42 U.S.C. § 1983 alleging malicious prosecution and denial of the right to a fair trial. More specifically, plaintiff asserts that, after he was involved in a car accident with defendant, defendant falsified evidence falsely stating the nature and extent of his injuries in the accident and forwarded that information to the district attorney's office, and later testified falsely to the grand jury regarding the extent of his injuries. This conduct allegedly led to plaintiff's indictment for assault in the second degree–specifically, recklessly causing serious physical injury to another person by means of a deadly weapon or a dangerous instrument–pursuant to N.Y. Penal Law § 120.05(4). Plaintiff was cleared of this charge at trial in December 2008.

On the eve of trial in this Court, which began on October 3, 2011, defendant filed a document listing his potential witnesses, which included for the first time "Brian Murphy, former

Nassau County ADA" and "Brendan Ahern, Nassau County ADA." It is undisputed that these names were not disclosed to plaintiff as potential witnesses until the eve of trial. Defendant asserts that Ahern "was the Nassau County Assistant District Attorney who was preparing the [misdemeanor criminal] case [against plaintiff] for trial in the district court in the spring of 2008 when the decision was made by the Nassau County District Attorney's office to seek an indictment on Assault in the Second Degree." (Defendant's Pre-Trial Filings at 3 (Sept. 29, 2011), ECF No. 79). Defendant asserts that Murphy "was the Nassau County Assistant District Attorney who tried [plaintiff's criminal] case in Nassau County Court." (Id.).

More specifically, defendant expects Ahern "to testify as to information to which the District Attorney had access . . . when it made the decision to indict for Assault in the Second" (Defendant's Memorandum of Law in Opposition [to] Plaintiff's Motion to Preclude Witnesses Ahern and Murphy ("Defendant's Opp.") at 2 (Oct. 5, 2011), ECF No. 82); while Brian Murphy, "who represented the People in the pre-trial Huntley hearing[1] . . . and in the three week [felony] trial in December 2008 . . . can testify to his review of the Grand Jury records in preparation for the trial, his desire to go back into the Grand Jury prior to trial and seek an indictment on Vehicular Assault . . . , the length of the trial . . . , the disposition by the Judge of the Assault in the Second Degree, and the jury's verdict" (id. at 2-3).

"In order to state a claim for the tort of malicious prosecution . . . , a plaintiff must prove (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and

---

[1] People v. Huntley, 15 N.Y.2d 72 (1965), requires that, before the question of whether an accused's confession is voluntary can be submitted to a jury, a judge must have found, after a hearing, that the confession was indeed voluntary.

2

(4) actual malice as a motivation for defendant's actions." Murphy v. Lynn, 118 F.3d 938, 947 (2d Cir. 1997). In Cameron v. City of New York, 598 F.3d 50 (2d Cir. 2010), the Second Circuit held that courts must be wary of admitting the testimony of prosecutors in malicious prosecution actions because the question of probable cause to indict or prosecute is one of the ultimate issues. See id. at 65. The Court stated that testimony regarding "a prosecutor's decision to pursue a prosecution has no more relevance to the complaining officer's credibility than the implicit relevance shared by all decisions to prosecute." Id. Moreover, allowing such testimony

> would place inappropriate pressures on both prosecutors and plaintiffs. If all cases of malicious prosecution were taken to trial, and prosecutors were called to testify about why they had originally pursued certain charges, then prosecutors might be subjected to great, though perhaps tacit, pressure from cities and police officers to maintain even a weak prosecution in order to undercut any subsequent malicious prosecution claim. Similarly, plaintiffs who have legitimate claims of both malicious prosecution and other torts, such as false arrest (which almost always travels in malicious prosecution's sidecar), effectively would be forced to forgo their malicious prosecution claims. Otherwise, such plaintiffs would risk exposing all of their claims to highly prejudicial testimony from seemingly reputable sources-testimony a district judge would not consider admitting in the absence of the malicious prosecution claim.

Id. Thus, the court held that "prosecutors' opinions as to probable cause and complaining officers' credibility are irrelevant in virtually all cases involving claims of malicious prosecution." Id. The court further asserted that decisions on whether to admit or preclude testimony from prosecutors that does not directly express an opinion on credibility or the issue of probable cause "likely fall within the District Court's discretion." Id. at 67.

It is unquestionably within the discretion of the trial court to exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; see also Rubens v. Mason, 387 F.3d 183, 188 (2d Cir. 2004) ("We review rulings on admissibility under Federal Rule of Evidence 403 for abuse of discretion.").

First, to the extent that defendants seek to introduce testimony regarding "the decision . . . made by the Nassau County District Attorney's office to seek an indictment on Assault in the Second Degree" (Defendant's Pre-Trial Filings at 3; see also Defendant's Opp. at 2), that testimony is foreclosed by Cameron as improper and "highly prejudicial."[2] See Cameron, 598 F.3d at 62, 65.

In addition, according to defendant, Ahern and Murphy were involved only in plaintiff's cases at the trial level–Ahern was preparing the misdemeanor case in the Nassau County District Court and Murphy tried the case involving all charges in the Nassau County Supreme Court. However, the theory of plaintiff's case has nothing to do with falsified evidence or testimony at the criminal trial; instead, plaintiff alleges that defendant Stolz provided falsified evidence to the

---

[2]Defendant asserts that neither of these witnesses would testify "on whether there was probable cause to indict." (Defendant's Opp. at 2). However, one of the potential subjects of Murphy's testimony is his "desire to go back into the Grand Jury prior to trial and seek an indictment on Vehicular Assault." (Id. at 3). It would be difficult for Murphy to address this subject without asserting his opinion that there was, indeed, probable cause to indict plaintiff on this charge. This testimony would offend the bar against such evidence announced in Cameron, especially as, given the circumstances of this case, the only issue as to whether there would have been probable cause to indict plaintiff on that charge would be the same issue in this case–whether defendant had "serious physical injury." See N.Y. Penal Law § 120.03 (1) (defining second-degree vehicular assault as causing serious physical injury as a result of operating a motor vehicle while intoxicated or impaired by the use of a drug).

district attorney prior to the presentation of the potential assault charges to the grand jury and that defendant thereafter falsely testified in front of the grand jury. There is no allegation that either of these prosecutors was involved in the preparation for or presentation of the potential assault charge to the grand jury. Thus, the expected testimony from these two potential witnesses is too remote to be probative of the primary issues in this case.³

Moreover, allowing the testimony of the two attorneys would confuse the issues in this case. As noted above, this action concerns conduct that occurred prior to and during the presentation of Zomber's assault charge to the grand jury. Evidence from attorneys who were uninvolved in that phase of the proceedings but were instrumental in the later criminal trial (which is largely irrelevant here) could confuse the jury as to what conduct and which proceedings are relevant in this case. Also, many of the potential subjects that defendant identifies for Murphy's testimony are cumulative of evidence already in the trial record–such as "the disposition by the Judge of the Assault in the Second Degree" and "the jury's verdict." (Defendant's Opp. at 2-3).

Finally, Federal Rule of Civil Procedure 26(a) requires a party to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information –along with the subjects of that information–that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. Proc 26(a)(1)(A)(i). This disclosure must be supplemented "in a timely manner if the party learns

---

³Although the plaintiff in a malicious prosecution case must plead and prove that the underlying criminal proceeding terminated in the plaintiff's favor, see, e.g., Murphy, 118 F.3d at 947, there is no dispute in this case on that issue. Moreover, the Second Circuit has held that where, as here, there is no "question as to the nature of the circumstances leading to th[e] termination," the issue of favorable termination "is a matter of law for the court." Id. at 950.

that in some material respect the disclosure or response is incomplete . . . ." Fed. R. Civ. Proc. 26(e)(1)(A). If a party fails to provide information under Rule 26(a) or (e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless failure was substantially justified or is harmless." Fed. R. Civ. Proc. 37(c)(1). It is undisputed that defendant did not disclose to plaintiff the names or the potential testimony of Ahern and Murphy in his Rule 26 disclosures. The disclosure was not made until mere days before the beginning of this trial, well after the close of discovery, thus preventing plaintiff from deposing or otherwise seeking discovery from them.

Defendant argues that plaintiff knew of Murphy because Murphy's name was on the transcripts of plaintiff's criminal trial. Even so, plaintiff could not have had notice that defendant would seek to elicit testimony from Murphy regarding the central issue of this case–that is, the preparation for and presentation of the assault charges to the grand jury. Indeed, as noted above, defendant does not even allege that Murphy (or Ahern) had anything to do with the grand jury proceedings. Moreover, defendant provides no justification for his failure to timely discover and disclose Murphy's and Ahern's names and the subjects of their potential testimony. As defendant points out, Murphy's name appears on the trial transcript which was available to defendant at all times during the open discovery period in this action. And there is nothing in the record to suggest that the Nassau County District Attorney was not co-operative in this action. Surely, Murphy's and Ahern's involvement in this case was discoverable by defendant throughout the pendency of this action.

## Conclusion

For the foregoing reasons, plaintiff's motion to preclude the testimony of Brendan Ahern, Esq., and Brian Murphy, Esq., is GRANTED.

**SO ORDERED:**

Dated: Central Islip, New York
October 6, 2011

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge