UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ELLIOT ZOMBER,

                            Plaintiff,          <u>MEMORANDUM</u>
                                                <u>OPINION AND ORDER</u>
   -against-
                                                CV 09-4637 (ETB)

P.O. KENNETH STOLZ,

                            Defendant.
----------------------------------------------------------------X

Before the Court is the parties' joint application to dismiss this action, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. The proposed stipulation submitted by the parties states that a settlement has been reached in this matter and seeks to have the judgment entered on October 17, 2011 in favor of the plaintiff vacated. For the following reasons, the parties' application is denied, without prejudice to renewal.

<u>FACTS</u>

On October 26, 2006, plaintiff was involved in an automobile accident with the defendant as a result of plaintiff's use of Ambien prior to driving his vehicle. Plaintiff was subsequently arrested and tried, in state court, for driving under the influence, assault in the second degree and assault in the third degree. Plaintiff was convicted of driving under the influence and cleared of the two assault charges. Thereafter, plaintiff commenced this action pursuant to 42 U.S.C. § 1983, alleging claims for malicious prosecution and denial of the right to a fair trial, on the grounds that defendant testified falsely to the grand jury regarding the nature and extent of the injuries he sustained in the automobile accident with plaintiff, which led to plaintiff's indictment

for assault in the second degree.

A jury trial was conducted in this action from October 3, 2011 to October 11, 2011. Defendant moved for a judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 50, at both the close of plaintiff's evidence and the close of all evidence. Both motions were denied. On October 12, 2011, the jury rendered a verdict in favor of plaintiff, finding defendant liable for malicious prosecution and for violating plaintiff's right to a fair trial. The jury awarded plaintiff $276,000 in compensatory damages and $124,000 in punitive damages. Judgment was entered in favor of the plaintiff on October 17, 2011.

Defendant thereafter moved for a judgment as a matter of law, or alternatively, for a new trial, pursuant to Federal Rules of Civil Procedure 50 and 59, on the following grounds: (1) that the Court erred in denying defendant absolute immunity; (2) that the Court erred in denying defendant's motion for judgment as a matter of law based on the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 447 (1994); (3) that the Court erred by (a) refusing to unseal the grand jury minutes surrounding plaintiff's underlying criminal indictment; (b) denying defendant's motion in limine to preclude the introduction of any grand jury testimony; (c) granting plaintiff's motion to preclude defendant from presenting testimony from an assistant district attorney ("ADA") and a former ADA; and (d) providing a false and prejudicial instruction to the jury; and (4) that the Court erred in permitting plaintiff to introduce medical evidence concerning defendant's physical condition prior to and after the October 26, 2006 automobile accident and precluding defendant from introducing certain certified medical records.

By Memorandum Opinion and Order dated January 26, 2012, the Court denied defendant's motion in its entirety. Defendant filed a notice of appeal to the Second Circuit on February 16, 2012.

On April 18, 2012, the parties submitted a joint stipulation of dismissal to be "so ordered" by the Court, which states that the parties have reached a settlement in this action and seek to have the October 12, 2011 jury verdict vacated. The stipulation also states that plaintiff withdraws his application for attorney's fees. The parties also filed a stipulation with the Second Circuit withdrawing defendants' appeal, pursuant to Federal Rule of Appellate Procedure 42. On April 23, 2012, the Second Circuit issued a mandate so ordering the parties' withdrawal of the pending appeal.

Discussion

Pursuant to Federal Rule of Civil Procedure 60(b)(6), a district court may, upon a party's motion, "relieve a party . . . from a final judgment, order or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Such a motion is "addressed to the sound discretion of the district court . . . ." BMC, LLC v. Verlan Fire Ins. Co., No. 04-CV-0105A, 2008 WL 2858737, at *1 (W.D.N.Y. July 22, 2008) (quoting Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986)).

Where an appeal has been taken from the final judgment, however, "the docketing of a notice of appeal 'ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule.'" Toliver v. County of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992) (quoting Ryan v. United States, 303 F.2d 430, 434 (2d Cir. 1962)). As a result, the district court "may grant a rule 60(b) motion after an appeal is taken only if the moving party obtains permission from the circuit court." Toliver, 957 F.2d at 49. This is typically achieved through a remand by the Second Circuit, "thereby returning jurisdiction over the case to the district court." Id.

However, jurisdiction is also returned to the district court where, as here, the parties withdraw their appeal. See, e.g., Chamberlain v. Aberdeen Asset Mgmt. Ltd., No. 02 CV 5870, 2005 WL 1378757, at *1 (E.D.N.Y. Apr. 12, 2005) ("Plaintiffs subsequently appealed this decision to the Second Circuit, but then withdrew the appeal in order to restore jurisdiction to this Court to consider a Joint Motion to Vacate the Judgment by both parties pursuant to Federal Rule of Civil Procedure 60(b)."); Strougo v. Bassini, 258 F. Supp. 2d 254, 256 (S.D.N.Y. 2003) ("The parties stipulated to withdraw Strougo's appeal . . . in order to return jurisdiction . . . to this Court."). Accordingly, since the parties have withdrawn the appeal to the Second Circuit, this Court has jurisdiction to consider a joint request to vacate the final judgment entered on October 17, 2011.

"Vacatur of a judgment or order as part of a settlement is an 'extraordinary remedy,' and should be granted only in 'exceptional circumstances.'" BMC, 2008 WL 2858737, at *1 (quoting U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship, 513 U.S. 18, 26 (1994)); see also Microsoft Corp. v. Bristol Tech., Inc., 250 F.3d 152, 154 (2d Cir. 2001) ("Vacatur is now therefore an 'extraordinary remedy' to be granted only in 'exceptional circumstances.'"). The rationale behind this rule is that "[j]udicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." U.S. Bancorp, 513 U.S. at 27 (citation omitted). The party seeking vacatur bears the burden of demonstrating "equitable entitlement to the extraordinary remedy of vacatur." Microsoft, 250 F.3d at 154 (quoting U.S. Bancorp, 513 U.S. at 26).

While the Supreme Court has held that "exceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur," U.S. Bancorp, 513 U.S. at 29,

"[t]his is not to say that vacatur can never be granted when mootness is produced" by settlement, as it is here. Id. at 26. A judgment may be vacated where it is mooted by settlement so long as the relief requested is "equitably justified by exceptional circumstances." Microsoft, 250 F.3d at 154; see also Major League Baseball Props., Inc. v. Pac. Trading Cards, Inc., 150 F.3d 149, 151 (2d Cir. 1998) (recognizing that under U.S. Bancorp, "an exception could be made even for settled cases where 'exceptional circumstances' counselled [sic] in favor of vacatur").

While the Second Circuit has declined to define what circumstances are considered "exceptional" to warrant vacating a final judgment, it has granted vacatur on several occasions. See, e.g., Microsoft, 250 F.3d at 155; Major League Baseball, 150 F.3d at 152; Keller v. Mobil Corp., 55 F.3d 94 (2d Cir. 1995). In all of these cases, vacatur was granted where it would achieve a settlement that would obviate a pending appeal.

Several district courts within this circuit have also found exceptional circumstances to exist where vacatur would permit a settlement to proceed. See, e.g., BMC, 2008 WL 2858737, at *2 (finding that the "private interest of the parties in settling this litigation outweighs any public interest in preserving the finality of judgments and the development of decisional law"); Chamberlain, 2005 WL 1378757, at *1 (granting Rule 60(b) motion in order to permit the parties to proceed to settlement); Vladimir v. U.S. Banknote Corp., 976 F. Supp. 266, 267 (S.D.N.Y. 1997) (concluding that "vacatur of the jury verdict as a condition of the settlement is appropriate in this case"). As at least one court has noted, "vacatur is authorized in order to permit settlement to proceed[] particularly where the victor as well as the losing party is in agreement that vacatur would be desirable." Chamberlain, 2005 WL 1378757, at *1 (citing Major League Baseball, 150 F.3d at 149).

CONCLUSION

For the foregoing reasons, the parties' joint application to dismiss this action, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, is denied without prejudice to renewal, pursuant to Rule 60(b), upon an adequate showing of exceptional circumstances justifying that vacatur is appropriate here. The stipulation of dismissal submitted by the parties is insufficient to demonstrate such exceptional circumstances.

**SO ORDERED:**

Dated: Central Islip, New York
April 25, 2012

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge